# Exhibit 2

11/2/2018 10:16 AM
Chris Daniel - District Clerk Harris County
Envelope No. 28750067
By: Brianna Denmon
Filed: 11/2/2018 10:16 AM

CAUSE NO. 201868623

| | | |
|---|---|---|
| CARLOS PERLA<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | 333TH JUDICIAL DISTRICT |
| UNITED AIRLINES, INC. a/k/a UNITED CONTINENTAL HOLDINGS AND INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS (IAM) with DISTRICT LODGE 141<br>*Defendants,* | §<br>§<br>§<br>§<br>§<br>§<br>§ | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

**COMES NOW**, CARLOS PERLA, hereinafter called Plaintiff, complaining of and about UNITED AIRLINES, INC. (hereinafter "United") and INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS with DISTRICT LODGE 141 (hereinafter "Union"), collectively called Defendants, in support of his causes of action, would respectfully show the Court as follows:

### 1. DISCOVERY CONTROL PLAN LEVEL

2.   Plaintiff gives notice that he intends to pursue a discovery control plan pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, in this case under Level 2. Plaintiff, affirmatively pleas that he intends to seek monetary relief pursuant to Tex. R. Civ. P. 47(c) in an aggregate amount less than Seventy-Two Thousand Dollars, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorneys' fees. The damages sought are within the jurisdictional limits of the Court.

### II.   PARTIES AND SERVICE

Plaintiff, CARLOS PERLA, is an individual who domiciles in Harris County, Texas.

1

3. Defendant, UNITED AIRLINES, INC. is an airline conducting business in the State of Texas. Service of Process may be effected upon said Defendant by serving the registered agent of the corporation: C. T. Corporation System, 1999 Bryan St, Suite 900, Dallas, TX 75201. Service of said Defendant as described above can be effected by certified mail return receipt.

4. Defendant, UNION is a workers' union conducting business in the State of Texas. Service of Process may be effected upon said Defendant by serving the registered agent of the corporation: C. T. Corporation System, 1999 Bryan St, Suite 900, Dallas, TX 75201. Service of said Defendant as described above can be effected by certified mail return receipt.

### III. JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This court has jurisdiction over the parties as Plaintiff and Defendants are either residents of Texas or continuously conducts business in Texas.

7. Venue is proper in HARRIS County, Texas under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because the contract which made the basis of this lawsuit was entered into, performable, and payable in Harris County, Texas. In addition, all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County, Texas.

### IV. FACTS

8. Plaintiff, CARLOS PERLA, was employed by Defendant, UNITED since November 2000. Plaintiff was initially hired as a Ramp Service Agent (RSA), but Plaintiff participated in a bid and secured a position of Lead Agent in 2004. Plaintiff was continuously classified and worked as a lead from 2004 until March 8, 2013.

9. On or about February 27, 2013, Plaintiff and another United employee was involved in a physical altercation on United's premises. The altercation was initiated by the other

employee and Plaintiff was protecting himself against physical harm, however, because of United's zero tolerance policy, both Plaintiff and the other employee were suspended and then later terminated. Plaintiff, CARLOS PERLA held the position of Lead until he was terminated on March 8, 2013. Plaintiff appealed his termination and the matter was resolved through arbitration. As a result of the arbitration, Plaintiff entered into an agreement with United via the Union, wherein Plaintiff would return to work with United. The agreement delineated that Plaintiff would be placed on 24-months probation until October 2015, and when Plaintiff completed the probationary period, Plaintiff would be reinstated to the position he held prior to his termination and full seniority.

10. In furtherance of the Arbitration Agreement, Plaintiff, CARLOS PERLA successfully completed the probationary period, however, United failed to return him to the position he held prior to being placed on probation and full seniority. Further, the Union, as a fiduciary, failed to grieve the matter. Plaintiff contacted United and the Union on numerous occasions about reinstating his position and seniority but to no avail. To date, in violation of the expressed terms of the Arbitration Agreement, United has not reinstated Plaintiff, CARLOS PERLA, to the Lead position he held prior to the probation or to full seniority.

## V. BREACH OF CONTRACT CLAIM

11. The occurrence made the basis of this suit referred to in paragraphs 7 through 11, is incorporated by reference in the following:

12. A Plaintiff's cause of action for Breach of Contract requires a showing of 1) existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) material breach by the defendant; and 4) damages sustained by the plaintiff as a result of that breach. (See *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 882 (Tex. App.-- Dallas 2007, no pet.).

3

13. Here, Plaintiff and Defendants entered into a valid, written and enforceable Arbitration contract. Pursuant to the contract, Plaintiff would be returned to work at United and be placed on probation for 24 months. During the 24-months probation, Plaintiff would not have his regular Lead Agent position but rather, Plaintiff would work as a standard RSA. Upon completion of his probation, Plaintiff, CARLOS PERLA would be reinstated to his Lead Agent position and return to full seniority.

14. Plaintiff, CARLOS PERLA, tendered performance in furtherance of the Agreement. Plaintiff has fully performed all his obligations under the Agreement. Plaintiff has met all condition precedent to be reinstated to his Lead Agent position and full seniority at the end of his probationary period.

15. At the completion of the probationary period, Defendant United failed to reinstate Plaintiff, CARLOS PERLA, to the Lead Agent position as required by the Arbitration Agreement. Further, Defendant, United did not reestablish Plaintiff to full seniority, again, in non-compliance with the Arbitration Agreement. Defendant United, materially breached the Agreement as Defendant failed to reinstate Plaintiff to his Lead Agent position and full seniority.

16. As a representative of Plaintiff, Defendant Union had a duty to ensure that the Arbitration Agreement was enforced equitably and accurately. Defendant Union as a fiduciary failed to ensure that member, Plaintiff, CARLOS PERLA, was reinstated to his Lead Agent position and that Plaintiff full seniority was restored. Defendant Union materially breached his contract to represent Plaintiff.

17. Further, Plaintiff, CARLOS PERLA requested that Defendant Union represent him through a grievance on the issue of being reinstated to his Lead Agent position and full seniority. Initially, Defendant Union assigned a shop-steward to assist Plaintiff, CARLOS PERLA with his grievance but after Defendant Union hired the person that attacked Plaintiff, Defendant Union removed the shop-steward and left Plaintiff unrepresented allowing the grievance to expire.

4

18. Defendants breached their contract with Plaintiff, CARLOS PERLA. Plaintiff, suffered damages as a result of Defendants' breach. Plaintiff suffered losses resulting from reduced wages, profit sharing, *inter alia*. Additionally, Plaintiff also suffered consequential damages and seeks to recover compensatory damages and specific performance.

## VI. BREACH OF FIDUCIARY DUTY AGAINST UNION

19. To prevail on a claim for breach of fiduciary duty, a plaintiff must show that 1) there is fiduciary relationship between the plaintiff and defendant; 2) the defendant breached his fiduciary duty to the plaintiff; and 3) the defendant's breach proximately caused injury to the plaintiff or benefit to the defendant. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.- Dallas 2006, pet. denied).

20. In the current matter, Plaintiff and Defendant had a fiduciary relationship. Texas courts have long held that Union representatives owes a fiduciary duty to the union and its members. Plaintiff pays Defendant Union monthly dues to contemplate fair dealings, act in good faith, and exercise integrity. Defendant Union breached its duty to Plaintiff.

21. Here, Defendant Union failed to act in good faith, fair dealings or exercise integrity. As stated before, Plaintiff and another United employee was involved in an altercation. Defendant Union was entitled to represent both Plaintiff and the other employee, which Union did. However, the matter became tainted when, Defendant Union hired the employee who initially attacked Plaintiff resulting in the aforementioned altercation. This created a conflict of interest, such that, when Plaintiff requested that Defendant Union grieve his issue regarding not being restored to his position as Lead Agent, Defendant Union failed to act, Defendant Union failed to carry out its fiduciary duties by protecting Plaintiff's interest in the matter, Defendant Union allowed Plaintiff's grievance to expire.

**22.** Defendant Union upon realizing the conflict and that it (Defendant) was no longer neutral, should have referred Plaintiff's grievance to another district, instead of allowing Plaintiff's grievance to expire. Defendant Union by failing to act and/or by acting in a manner contrary to Plaintiff's interest, has breached its fiduciary duty to Plaintiff.

**23.** Be mindful that Defendant Union should be protecting Plaintiff's interest. Close to the expiration of Plaintiff's probationary period, Plaintiff bid for a Lead Agent Position. Defendant Union contacted Defendant United to enforce the Agreement against Plaintiff pointing out that the 24-months had not yet elapsed. This is analogous to an attorney contacting the district attorney to enforce the duration of his client's sentence. It would be a breach of fiduciary duty for an attorney to complain to the district attorney that his/her client's sentence should not end until the judgment that the court impose has expired, thus, it is unquestionably a breach of fiduciary duty for Defendant Union to act in such a manner. Defendant Union did not act to correct any possible mistake but rather, Defendant Union acted with malice, disregard for its member's wellbeing, and in retaliation. If Defendant Union was acting to ensure that all timelines are accurately followed, Defendant Union would have ensured that Plaintiff was reinstated to the Lead Agent position on or after the date his probation expired. Yet, three years after the probationary period Plaintiff has not been reinstated. Defendant Action sufficiently establishes a violation of its fiduciary duty. Plaintiff suffered loss of income and other damages because of Defendant Union's action.

## VII. DAMAGES

24. The occurrence made the basis of this suit referred to in paragraph 7, and the resulting damages were proximately caused by Defendant's Breach of Contract, Conversion, and other causes of action. Plaintiff brings this suit to recover for:

A. Loss Wages;

B.     Actual and Consequential damages;

C.     Compensatory damages;

D.     Specific performance;

E.     Plaintiff seeks attorneys' fees; and

F.     Punitive damages.

### VIII. ATTORNEYS' FEE

25.     Defendants' conduct as described in this Petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the undersigned law firm. Plaintiff is therefore, entitled to recover from Defendants an additional sum to compensate Plaintiff for a reasonable fee for such attorneys' services in the preparation and prosecution of this action, as well as a reasonable fee for any and all appeals to other courts.

### IX. NOTICE OF INTENT TO USE UNFILED DISCOVERY

26.     Pursuant to TEX. R. CIV. PROC. 193.7, Plaintiff, CARLOS PERLA, files this notice of intent to use in any pretrial proceeding and/or the trial of this case, any and all documents produced by any party in response to any written discovery.

### X. RULE 194 REQUESTS FOR DISCLOSURE

27.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within thirty (30) days after service of this request, the information or material described in Rule 194 as set forth in the attached request. The originals or copies of documents and other tangible items requested must be produced for inspection and copying at the law office of Stringfellow Taylor & Associates, PLLC., 2656 S. Loop W., Suite 550, Houston, Texas 77054 within thirty (30) days after service of this request, together with a written response. Each written response must be preceded by the request to which it applies. No objection or assertion of work

product privilege is permitted to a request under this rule. If you fail to comply with this request, the court may order sanctions against you in accordance with the Texas Rules of Civil Procedure. Your response must be signed.

 A. State the correct names of the parties to the lawsuit.

 B. State the names, addresses, and telephone numbers of any potential parties.

 C. State the legal theories and, in general, the factual bases of the claims or defenses.

 D. State the amount and any method of calculating economic damages.

 E. State the names, addresses, and telephone numbers of persons having knowledge of relevant facts, and give a brief statement of each identified person's connection with the case.

 F. For any testifying expert:

  (a) State the expert's name, address, and telephone number;

  (b) State the subject matter on which the expert will testify; and

  (c) State the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or, if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

  (d) If an expert is retained by, employed by, or otherwise subject to your control, produce the originals or copies of the following:

   i. All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

   ii. The expert's current resume and bibliography.

G. Produce the originals or copies of any indemnity and insuring agreements described in Rule 192.3(f).

H. Produce the originals or copies of any settlement agreements described in Rule 192.3(g).

I. Produce the originals or copies of any witness statements described in Rule 192.3(h).

## PRAYER FOR RELIEF

**THEREFORE, PREMISES CONSIDERED,** Plaintiff, CARLOS PERLA respectfully pray that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of loss through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity. Any other legal and equitable relief that this Court deems just and appropriate.

Respectfully submitted,
STRINGFELLOW TAYLOR & ASSOCS, PLLC.

/ISII *Elizabeth Taylor*

Elizabeth Taylor
TBN: 24093242
Taurus Stringfellow
TBN: 24093221
2656 S. Loop W. Suite 550
Houston, TX 77054
Tel: (832)742-0700
Fax: (832) 742-0701
Email: admin@stlawtx.com

ATTORNEYS FOR PLAINTIFF CARLOS PERLA