Case 4:18-cv-04626   Document 20   Filed on 05/31/19 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
May 31, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Carlos Perla, § | |
| 　　Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. H-18-4626 |
| United Airlines, Inc., and § | |
| International Association of § | |
| Machinists & Aerospace Workers, § | |
| 　　Defendants. § | |

# Memorandum and Recommendation

　　Plaintiff Carlos Perla sued Defendants United Airlines and International Association of Machinists & Aerospace Workers ("Union") in a Texas court. Perla raised a state-law breach of contract claim against United Airlines ("United"). Because the court lacks subject matter jurisdiction, it is recommended that Perla's claim against United be dismissed with prejudice.

1. *Background*

　　Perla worked in United's Houston location. He was a union member of the International Association of Machinists & Aerospace Workers organized pursuant to the Railroad Labor Act (RLA). *See* 45 U.S.C. §§ 152 Fourth, 181.

　　Perla started working as a Ramp Service Agent in 2000. In 2004, he was promoted to Lead Agent. Perla maintained that position until 2013, when he engaged in a physical fight with another employee. United terminated both employees. Perla appealed the termination to District Lodge 141 of the Union pursuant to a Collective Bargaining Agreement (CBA).

　　Pursuant to the CBA, the System Board of Adjustment ("the Board") arbitrated the matter. The Union, United, Perla, and the

other employee reached a settlement agreement. Perla incorrectly refers to the settlement agreement as an "Arbitration Agreement." (*See* D.E. 10.) The settlement agreement was memorialized in a consent award issued by the Board. (*See* D.E. 1-8.) Perla alleges that the settlement agreement guaranteed his return to full seniority as a Lead Agent after twenty-four months. He was not returned to his former position and alleges that United breached the settlement agreement.

Perla filed suit in Texas court against United on September 26, 2018, claiming that United breached the settlement agreement. United removed the case to federal court. United reads Perla's state court petition as seeking to enforce the consent award. United sought to dismiss Perla's claim as untimely under the RLA's two-year statute of limitations. (D.E. 6.)

Perla filed an amended complaint in federal court. (D.E. 7, docketed as Request for Issuance of Summons.) Apparently realizing that the statute of limitations to enforce the consent award has run, Perla clarified that he is seeking to enforce the settlement agreement through a state-law contract claim, which has a longer statute of limitations. *Id.*

The court held a hearing on March 5, 2019. Perla's counsel reiterated that he is suing United for its breach of the settlement agreement under Texas contract law. On that basis the court ordered the parties to brief whether the RLA preempts Perla's state-law contract claim. Perla filed a brief, arguing that the RLA does not preempt his contract claim because it is independent of the CBA. (D.E. 18.) United filed a supplemental brief arguing that the RLA preempts Perla's claim and the court should dismiss Perla's claim for lack of subject matter jurisdiction. (D.E. 19.)

2. *Standard of review*

Under Rule 12, a court may dismiss an action for lack of subject matter jurisdiction at any stage of the litigation. Fed. R. Civ. P. 12(h)(3). A party may also challenge the court's jurisdiction at any stage because "[p]roper jurisdiction for a federal court is

fundamental and necessary before touching the substantive claims of a lawsuit." *See Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012).

The complaint, undisputed facts, and the court's resolution of disputed facts can provide grounds for dismissal for lack of subject-matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (the court need not resolve disputed facts in favor of the plaintiff in determining jurisdiction).

The party defending federal jurisdiction, irrespective of their initial position, has the burden to allege a plausible set of facts that establishes federal jurisdiction. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Where, as here, a defendant removes the case to federal court and subsequently raises a motion to dismiss based on lack of subject-matter jurisdiction, the plaintiff still bears the burden to prove that federal jurisdiction exists. *Id.*

3. *Analysis*

   A. *The RLA preempts disputes involving the application or interpretation of a CBA.*

Congress is empowered to determine the jurisdiction of the federal district courts. U.S. Const. art. I, § 8; *id.* art. III, § 1; *Keyes v. Gunn*, 890 F.3d 232, 236 (5th Cir. 2018). "Whether federal law preempts a state law establishing a cause of action is a question of congressional intent." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994).

Under the Railway Labor Act ("RLA"), which is applicable to airline workers, Congress has restricted the federal courts' jurisdiction over disputes "growing out of grievances," which are "disputes involving the application or interpretation of a CBA." *See* 45 U.S.C. §§ 153 First (i), 184; *Hawaiian Airlines,* 512 U.S. at 254 (1994). The RLA channels those disputes to the System Boards of Adjustment. *See* 45 U.S.C. §§ 153 First (i), 184; *see Andrews v. Louisville & N. R. Co.*, 406 U.S. 320, 323–24 (1972) (the RLA mandates the processing of such disputes "in accordance with

3

contractually agreed-upon arbitration procedures"); *Brown v. Am. Airlines, Inc.*, 593 F.2d 652, 654 (5th Cir. 1979) ("[T]he Board has exclusive jurisdiction over disputes involving the interpretation or application of a CBA."). A federal court's jurisdiction is limited to reviewing or enforcing the Board's final award. *See* 45 U.S.C. § 159 Third; *see also Int'l Ass'n of Machinists, AFL-CIO v. Cent. Airlines, Inc.*, 372 U.S. 682, 695–96 (1963) (the RLA governs enforcement of the consent award).

While the RLA preempts "minor disputes," which grow "out of the interpretation or application of [CBAs]," *Hawaiian Airlines*, 512 U.S. at 252–53, the RLA does not preempt disputes which involve rights and obligations that are independent of the CBA. *Id.* at 260–63. For example, the RLA does not preempt a state-law tort claim when its resolution turns on a "purely factual inquiry" and not on any interpretation of the CBA. *Id.* at 266.

### B. The RLA preempts Perla's state-law contract claim.

Perla's state-law breach of contract claim is a minor dispute which grows out of the application and interpretation of the CBA. It is the CBA that gave Perla the right to enter into the arbitration instead of being terminated at will. *See Andrews*, 406 U.S. at 324 (the RLA preempted the wrongful discharge claim where "the only source of petitioner's right not to be discharged . . . is the collective-bargaining agreement between the employer and the union"). Any right Perla may have to seniority is based on the CBA.

The Fifth Circuit has held that the RLA preempts a breach of contract claim similar to Perla's. In *Brown v. Am. Airlines, Inc.*, 593 F.2d 652 (5th Cir. 1979), a laid-off airline employee filed a breach of contract action against his employer in federal court claiming that the settlement agreement he reached with the employer during arbitration imposed a contractual duty on the employer to reinstate his seniority rights. *See Brown*, 593 F.2d at 654–56. The Fifth Circuit held that the RLA preempted the employee's state-law breach of contract claim because the CBA was the only source of the employee's right to appeal his termination to the arbitration board.

4

*Id.* at 655. The court also found it material that the existence and extent of the airline's obligation to restore the employee's seniority rights "depend[ed] on the interpretation of the [CBA]." *Id.* (holding that "minor disputes are classically made" from loss of seniority following a grievance action).

Like in *Brown*, Perla's right to appeal his termination is rooted in the CBA, and Perla's claim is dependent on the interpretation of the CBA. Perla argues that he has the right to be restored to his position as a Lead Agent according to his "seniority" after the completion of a "probation" term. It is the CBA—not the settlement agreement—that defines any rights associated with a "probation" term or the loss and restoration of "seniority." (*See* D.E. 19-1 at 8–10; D.E. 19-2 at 8–10.)

Because Perla's breach of contract claim is a minor dispute which necessarily "involv[es] the application or interpretation of a CBA," only the System Board of Adjustment can provide the remedy that Perla seeks. *See Hawaiian Airlines*, 512 U.S. at 255; *Andrews*, 406 U.S. at 323–24; *Brown*, 593 F.2d at 655–56.

   C.  *The Glover exception to preemption does not apply here.*

The Supreme Court created a narrow exception to preemption under the RLA. When arbitration of the dispute would be futile, preemption does not apply. *See Glover v. St. Louis-S.F. Ry.* 393 U.S. 324, 331 (1969). In *Glover*, railroad employees complained that they were not promoted due to a racially discriminatory policy enforced by the employer and the union. The Court held that the RLA did not preempt the petitioner's action against the employer and the union because "the complaint allege[d] in the clearest possible terms that a formal effort to pursue contractual or administrative remedies would be absolutely futile." *Glover*, 393 U.S. at 329, 331; *see Parham v. Carrier Corp.*, 9 F.3d 383, 391 (5th Cir. 1993) ("In *Glover* the plaintiffs were blacks who believed—probably justifiably—that the same discrimination that allegedly impeded their promotions would prevent their receiving fair arbitration of their complaints, thereby rendering grievance procedures futile.").

*Glover* is a narrow exception. The Fifth Circuit has declined to extend the exception where an employee did not even attempt to initiate a grievance. *See Parham*, 9 F.3d at 391 ("Before a plaintiff may safely disdain available grievance procedures, invoking those procedures must truly be futile . . . his mere subjective belief or conclusionary assertion will not suffice.").

Here, Perla has not shown that a grievance action would be futile. Perla did not allege that the Board was biased. Perla has not even attempted to initiate a grievance with the Board to seek reinstatement as a Lead Agent. Therefore, the *Glover* exception does not apply here. *See Parham*, 9 F.3d at 391.

4. *Conclusion*

The court recommends dismissing Perla's claim against United for lack of subject-matter jurisdiction. Perla affirmatively argues that he is seeking to enforce the settlement agreement under state law. He is not seeking to enforce the consent award. The RLA preempts Perla's state-law breach of contract claim because Perla asserts rights created by the CBA and the resolution of Perla's claim necessarily depends on the interpretation of the CBA. Perla's only remedy can be found with the Board. This court lacks subject matter jurisdiction.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on May 31, 2019.

_____
Peter Bray
United States Magistrate Judge